**Willie O. WADE, Plaintiff,**

v.

**ORANGE COUNTY SHERIFF'S OFFICE (a/k/a Orange County Sheriff's Department), County of Orange, Roger Phillips, Individually and as Sheriff of the County of Orange, Louis Heimbach, Individually and as County Executive of the County of Orange, and Keith J. McLean, Defendants.**

**No. 86 Civ. 7398 (GLG).**

United States District Court, S.D. New York.

Sept. 21, 1987.

Hayward, Parker & Martens, Middletown, N.Y. (Richard L. Parker, of counsel), for plaintiff.

James G. Sweeney, Co. Atty. of Orange County, Goshen, N.Y. (Steven A. Crain, of counsel), for County defendants.

Frank Zeccola, Central Valley, N.Y., for defendant Keith J. McLean.

## MEMORANDUM DECISION

GOETTEL, District Judge.

The plaintiff is a lieutenant at the Orange County jail. He is black. He sues his employers (and former employers), complaining that they failed to promote him sooner, gave him unfavorable assignments, and, in other respects, discriminated against him because of his race. He asserted these claims under Title VII, 42 U.S. C. § 2000e, and 42 U.S.C. §§ 1981 and 1983. Title VII does not provide for a jury trial, and the relief, if granted, is equitable. Under the section 1981 and 1983 claims, however, a plaintiff is entitled to a jury trial.[1]

The plaintiff's case went to trial before a judge and jury. The jury's verdict was returned first. The jury found for the plaintiff and awarded him $52,000, plus backpay from July 1983 (which the parties agree amounts to an additional $2,100). The Court then rendered its verdict on the Title VII claim, finding in favor of the defendants.

All the parties now move for judgment notwithstanding the verdicts which were against them. The defendants claim that there have been "inconsistent verdicts" and that, therefore, the Court must set aside the jury verdict in favor of the plaintiff. The plaintiff argues that the jury's verdict must be given precedence and controls the

---

1. These sections were rarely, if ever, used for employment discrimination claims until after the passage of Title VII. They have been invoked since then primarily as a means for obtaining a jury trial. The wisdom of allowing such a patent evasion of Congress's intent with respect to the right to a jury in a discrimination claim is not an issue before this Court.

court's verdict. Neither of these positions appears correct.

■ This is not an instance of "inconsistent verdicts." Rather, it concerns different verdicts rendered by different fact finders on different causes of action. There were several disputed factual issues and a number of witnesses. Credibility issues were raised. The plaintiff claimed that his lack of promotion and distasteful assignments were due to his race. The defendants claim that these things occurred because of the plaintiff's lack of communication skills, and his interest in maintaining outside employment. The jury apparently found that race was a factor. This Court did not agree, but a Court's disagreement with a verdict does not justify the granting of a new trial. *Keeler v. Hewitt,* 697 F.2d 8, 11 (1st Cir.1982). In order to grant a new trial, the verdict must be against the clear weight of the evidence. *Bevevino v. Saydjari,* 574 F.2d 676, 684–86 (2d Cir.1978). The issues were simple, but the facts were hotly disputed. Under these circumstances, the Court should not upset the jury's verdict, *Williams v. City of Valdosta,* 689 F.2d 964, 974 (11th Cir.1982), unless there is some requirement that the separate verdicts have the same conclusion. Since we hold that there is no such requirement, discussed *infra,* defendants' motions for judgment n.o.v. and a new trial are denied.

■ The plaintiff argues that there is a linkage between the joint trial of Title VII and sections 1981 and 1983 claims, and that the Court must make its verdict consistent with the jury's. Two cases are cited for this proposition. The first is *Dybczak v. Tuskegee Institute,* 737 F.2d 1524 (11th Cir.1984). That case involved a joint trial of causes of action similar to those present in this case. The jury found for the defendant, as did the court. The plaintiff

appealed on grounds that he was entitled to an injunction regardless of whether he had been discriminated against. As one reason for denying the appeal, the court stated: "It is well settled that where claims at law and in equity are joined and the legal claims are tried separately by a jury, the jury's verdict operates as a finding of fact binding on the trial court in its determination of the equitable claims." *Id.* at 1526–27. The sole authority cited for this proposition is *Williams,* 689 F.2d at 976. The *Williams* case, however, involved a single cause of action and is not authority for the proposition that where there are separately tried causes of action before different fact finders, the jury's findings should necessarily control the court's.

Plaintiff also relies on dicta in *Bouchet v. National Urban League,* 730 F.2d 799, 803 (D.C.Cir.1984), an opinion written for the three-judge panel by then Judge Scalia, which noted: "As a *general* rule, when a case contains claims triable to a jury and claims triable to the court that involve common issues of fact, the jury's resolution of those issues governs the entire case." (emphasis added) Whether the "general rule" referenced by Judge Scalia applies when an equitable Title VII claim is joined with separate and distinct legal claims triable to a jury is an issue the *Bouchet* court did not reach.[2]

As authority for the "general rule," Judge Scalia cited *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959) and *Dairy Queen v. Wood,* 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962). *Beacon Theatres,* a landmark case, held that when legal and equitable claims were joined, and where prior resolution of the equitable claim could operate as an equitable injunction against the legal claim, the constitutional right to a jury trial must be protected and the legal claim

---

**2.** In *Bouchet,* the trial judge struck the jury demand, which concerned various tort claims asserted as pendent state causes to a Title VII case. Judge Scalia noted that *if* the "general rule" that a jury's resolution of facts common to the legal and equitable claims was controlling, and if the trial judge erroneously disregarded the state claims, then the "consequent denial of [plaintiff's] demand for a jury trial would infect

the disposition of her Title VII claim as well." *Bouchet,* 730 F.2d at 803. The court never determined the applicability of the "general rule," however, deciding instead that pendent jurisdiction was declined properly given the likelihood that the pendent claims might well become the predominant elements of the lawsuit. *Id.* at 805–06.

should be tried first. *Beacon Theatres,* 359 U.S. at 506-08, 79 S.Ct. at 954-55. Only in the most "imperative circumstances ... can the right to a jury trial of legal issues be lost through prior determination of equitable claims." *Id.* at 511, 79 S.Ct. at 957. Plaintiff's seventh amendment jury rights have not been jeopardized in the case at bar. Our decision on the Title VII claim did not collaterally estop plaintiff from pursuing his legal claims before a jury. On the contrary, the section 1981 and 1983 claims were heard before and decided by a jury prior to any action on the equitable claim. Everything that *Beacon Theatres* requires was provided plaintiff in this case.

*Dairy Queen* stands for the proposition that when legal and equitable claims are joined in a single cause of action, with facts common to both, the legal claim must be decided by a jury first and the court, sitting in equity, is bound by those jury findings coextensive with the equitable claim. *Dairy Queen,* 369 U.S. at 479-80, 82 S.Ct. at 900-01. We agree with Judge Scalia that *Dairy Queen* states the "general rule." The *Dairy Queen* rule is not implicated in the present case, however, which involves two separate and distinct causes of action: legal claims based on sections 1981 and 1983, and equitable claims based on Title VII.

More pertinent to the issue, although not cited by either party, is *Wallace Motor Sales v. American Motor Sales Corp.,* 780 F.2d 1049 (1st Cir.1985). In that action, the plaintiff asserted a federal statutory claim under the Automobile Dealer Suits Against Manufacturers Act, 15 U.S.C. § 1221 et seq., as well as claims under state law. He was entitled to a jury under the federal claim, but not under the state claim. The jury found for the plaintiff. The trial judge on the state claims found for the defendant, although he acknowledged that the factual issues were identical. He refused, however, to set aside the jury's verdict. The plaintiff argued on appeal that

its seventh amendment right to a jury trial was violated because the Court refused to accept the findings of the jury on the issues submitted to it. The appeals court noted that the trial judge did nothing to prejudice the jury trial, and that he "scrupulously refrained from disclosing his own findings until after the jury had returned its verdict. Indeed, his respect for the jury's prerogative to make its own findings on the claims tried to it is exemplified by his refusal to grant judgment n.o.v. despite his disagreement with the verdict." *Id.* at 1966. (The same procedure was followed in this case.)

The plaintiff in *Wallace* relied upon the same two cases cited by plaintiff in this case, *Dybczak* and *Bouchet,* for the proposition that the judge is bound to accept the jury's finding in deciding whether to give Title VII relief. The First Circuit did not find those cases controlling, stating:

> After a careful reading of those cases, we conclude that they do not support Wallace Motors' argument. Neither case squarely decides that a judge hearing a Title VII claim that has been joined with separate jury claims is bound by the jury's findings. We regard this as an open question.[3]

*Wallace,* 780 F.2d at 1967.

In light of *Wallace* and our earlier analysis, we deny plaintiff's motions for judgment n.o.v. and a new trial. To do otherwise would allow plaintiff to achieve by indirection what he cannot achieve by direction. By merely attaching to his Title VII claim additional legal claims triable to a jury, plaintiff, if he is correct, could have his Title VII claim effectively decided by a jury. This would represent a blatant circumvention of Congress's express desire to have Title VII claims decided by the court. We cannot countenance this result, given that no seventh amendment concerns, as articulated in *Beacon Theatres* and *Dairy Queen,* are implicated by the court's handling of this case.

---

**3.** If this is an "open question," it is one best decided by the appellate courts. As a practical matter (a concern of the trial courts), the plaintiff's judgment would be unimproved by the granting of judgment n.o.v. The damages would appear to be identical to those already awarded on the Civil Rights claims.

Plaintiff's counsel seeks attorney's fees as he is entitled under the Civil Rights Act. Defendants raise some quibbling exceptions as to the manner in which the amount of the attorney's fee has been established. The Court finds that the $17,587.50 fee sought by plaintiff's counsel is quite reasonable and awards that amount. In light of the fact that defendants prevailed on one cause of action, neither party will be awarded costs in this case.

SO ORDERED.