**RELIABILITY RESEARCH INCORPORATED,**
Plaintiff,

v.

**COMPUTER ASSOCIATES INTERNATIONAL, INC., successor to University Computing Company, Defendant.**

No. 91 CV 3587 (JRB).

United States District Court,
E.D. New York.

Dec. 29, 1993.

Jeffrey C. Slade, Leventhal Slade & Krantz, New York City, for plaintiff.

Alan J. Weinschel, Weil Gotshal & Manges, New York City, for defendant.

## MEMORANDUM AND ORDER

BARTELS, District Judge.

Plaintiff Reliability Research, Inc. ("Reliability") brings this action against defendant Computer Associates International, Inc. ("Computer Associates"), for breach of a licensing and marketing agreement. Defendant now moves pursuant to Federal Rule of Civil Procedure 39(a)(2) to strike plaintiff's demand for a jury trial. For the reasons set forth below, defendant's motion is granted in part and denied in part.

## FACTS

Reliability is a closely held corporation whose sole asset is a computer program called Reliability Plus ("R+"). R+ monitors, analyzes and reports on computer hardware failures. In 1979, Reliability entered into a License and Marketing Agreement with University Computing Company ("University Computing"); in 1984, Reliability and University Computing modified the 1979 Agreement and replaced it with a new License and Marketing Agreement ("the 1984 Agreement"). The 1984 Agreement granted University Computing the right to use, sublicense, market and distribute R+ for a period of 99 years within the territory of North America, Central America and South America ["the Territory"]. In August 1987, University Computing was acquired by Computer Associates, which assumed University Computing's rights and obligations under the 1984 Agreement.

The second amended complaint ["complaint"] in this action, dated December 2, 1992, alleges that Computer Associates has made "offerings in the area of computer reliability" in violation of the 1984 Agreement.[1] Specifically, Reliability alleges that defendant has developed and marketed at least 39 computer programs which, under the terms of the Agreement, are now the property of Reliability and for which Reliability is entitled to payment from defendant for revenues received from license and maintenance fees. On July 15, 1993, the court denied the parties' cross-motions for summary judgment, holding that the central issue of the meaning of the phrase "offerings in the area of computer reliability" as used in the 1984 Agreement is a question of fact for trial.

In the second amended complaint, Reliability seeks three types of relief as a result of defendant's breach of the licensing agreement:

1. A declaration that Reliability is the sole and exclusive owner of Computer Associates' right, title and interest of the offerings identified in the complaint;

2. an award of the profits Computer Associates has earned from marketing those offerings outside of the Territory; and

3. an award of the revenues that have not been paid under the 1984 Agreement.

Defendant now moves to strike plaintiff's timely jury demand, arguing that the relief sought is essentially equitable, and therefore that plaintiff is not entitled to a jury trial. In the alternative, defendant asserts that any legal relief claimed by plaintiff is merely incidental to the equitable relief sought, and therefore does not entitle plaintiff to a jury trial.

Plaintiff concedes that the second category of relief, the claim for profits earned by Computer Associates outside of the Territory, is equitable. However, plaintiff maintains that the third remedy, monetary damages for breach of contract, constitutes a legal claim with respect to which Reliability is entitled to a trial by jury. In order to preserve Reliability's right to a jury trial on the legal claim, plaintiff argues that a jury should determine: (1) which of the computer programs stated in

---

1. Section 4.2.4 of the 1984 Agreement provides that "all Product Improvements and other offerings in the area of computer reliability made by [defendant] shall be deemed part of the Product as that term is defined in … this Agreement and shall be the sole and exclusive property of ["Reliability"]."

the complaint are "offerings in the area of computer reliability" and therefore the property of Reliability; and (2) the amount of revenues owed by defendant for licensing and maintenance fees for those offerings under the 1984 Agreement. At that point, plaintiff agrees with defendant that the court should determine the amount of profits Computer Associates earned outside of the Territory on those programs which the jury has found Reliability owns.

## DISCUSSION

■ The Seventh Amendment to the United States Constitution guarantees the right to trial by jury for all claims asserting legal rights. *See, e.g., Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry* ["*Local 391 v. Terry*"], 494 U.S. 558, 564–65, 110 S.Ct. 1339, 1344–45, 108 L.Ed.2d 519 (1990). In contrast, no jury trial is required for claims that are equitable in nature. *See, e.g., Tull v. United States*, 481 U.S. 412, 417, 107 S.Ct. 1831, 1835, 95 L.Ed.2d 365 (1987). To determine whether an action is legal or equitable, the court must consider both the nature of the action and the remedy sought. *Local 391 v. Terry*, 494 U.S. at 565, 110 S.Ct. at 1344; *Tull v. United States*, 481 U.S. at 417–18, 107 S.Ct. at 1835–36.

■ In this case, the court rejects the argument that plaintiff's claims are essentially equitable and finds that the complaint seeks legal relief as well. The parties agree that Reliability's claim for profits earned outside of the 1984 Agreement is equitable. However, plaintiff also seeks monetary damages for breach of contract, a classic action "at law". Under Articles 3.2 and 3.3 of the 1984 Agreement, plaintiff would be entitled to a percentage of maintenance revenues received by Computer Associates on those programs, if any, found to be the property of Reliability.

■ It is well established that the right to jury trial of legal issues remains even in a case involving both legal and equitable claims. *Tull v. United States*, 481 U.S. at 425, 107 S.Ct. at 1839; *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 473, 82 S.Ct. 894, 897, 8 L.Ed.2d 44 (1962); *Wade v. Orange County Sheriff's Office*, 844 F.2d 951, 954 (2d Cir. 1988); *Resnick v. Resnick*, 763 F.Supp. 760, 766 (S.D.N.Y.1991). However, Computer Associates argues that there is no right to a jury trial in this case because plaintiff's legal claims are "merely incidental" to the equitable relief sought. Defendant asserts that any potential damages under the contract are minimal, and that plaintiff's real reason for bringing this action is based on Reliability's claim for profits.

The court rejects this argument for several reasons. First, the amount of the contract damages is in dispute and will ultimately be resolved at trial; therefore, this claim cannot at this time be characterized as insignificant for jury trial purposes. Second, neither the potential recovery nor a party's subjective motivation are factors properly considered under the Seventh Amendment analysis. Finally, and most importantly, the weight of authority holds that the right to a jury trial cannot be defeated by characterizing legal claims as incidental to equitable claims. *Tull v. United States*, 481 U.S. at 425, 107 S.Ct. at 1839; *Dairy Queen, Inc. v. Wood*, 369 U.S. at 473, 82 S.Ct. at 897; *Vicinanzo v. Brunschwig & Fils, Inc.*, 739 F.Supp. 882, 887 (S.D.N.Y.1990); *Caputo v. National Ass'n of Letter Carriers*, 730 F.Supp. 1221, 1236 n. 11 (E.D.N.Y.1990). Although there is some case law for the proposition that a motion to strike a jury demand is proper where claims for monetary damages are intertwined with claims for injunctive relief, the Supreme Court has stated that "only under the most imperative circumstances ... can the right to a jury trial of legal issues be lost through prior determination of equitable claims." *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506–08, 79 S.Ct. 948, 954–56, 3 L.Ed.2d 988 (1959). *See also Dairy Queen v. Wood*, 369 U.S. at 472–73, 82 S.Ct. at 897–98; *Wade v. Orange County Sheriff's Office*, 690 F.Supp. 176, 179 (S.D.N.Y.1987), *aff'd*, 844 F.2d 951 (2d Cir.1988). The court finds that this case does not present the imperative circumstances in which the right to trial by jury should be curtailed. *See Local 391 v. Terry*, 494 U.S. at 565, 110 S.Ct. at 1344 ("... this Court has carefully preserved the right to trial by jury where legal rights are at stake").

Defendant also argues that plaintiff's legal damages cannot properly be determined until the equitable claim for a declaration of constructive ownership of the computer programs is resolved and, therefore, the jury demand should be stricken in its entirety. The court does not agree. Plaintiff's legal claim for damages and its equitable claim for profits both rest upon a determination that Reliability is the owner of programs offered by Computer Associates in breach of the 1984 Agreement. In order to preserve the right to jury trial where legal and equitable claims overlap, the jury must not only decide the legal claims, but also determine issues of fact common to both. *Tull v. United States*, 481 U.S. at 425, 107 S.Ct. at 1839; *Heyman v. Kline*, 456 F.2d 123 (2d Cir.1972). The court, in later ruling on the equitable claims, will be bound by the findings of fact of the jury as to those common issues. *Song v. Ives Laboratories, Inc.*, 957 F.2d 1041, 1048 (2d Cir.1992); *Wade v. Orange County Sheriff's Office*, 844 F.2d 951, 954 (2d Cir. 1988). Accordingly, in this case the jury must determine the question of Reliability's ownership of the programs, a factual issue common to both the legal and equitable claims for relief, as well as the amount of damages due under the 1984 Agreement. The court will then decide plaintiff's entitlement to profits earned by Computer Associates outside of the Territory based on the jury's findings regarding ownership.

## CONCLUSION

For all of the foregoing reasons, defendant's motion to strike plaintiff's jury demand is GRANTED only with regard to the calculation of the award of profits, if any, to which Reliability is entitled for offerings in the area of computer reliability outside of the Territory. In all other respects, the motion is DENIED.

Plaintiff also seeks sanctions pursuant to Federal Rule of Civil Procedure 11 on the

2. The Civil Justice Expense and Delay Reduction Plan, effective as of December 17, 1991, provides, in relevant part:

   IV. Sanctions

ground that defendant's motion to strike the jury demand is frivolous. Since plaintiff has not complied with the Civil Justice Expense and Delay Reduction Plan for the Eastern District of New York[2], the court has not considered the merits of the application, and the motion for sanctions is therefore DENIED.

SO ORDERED.

* * * * * *

B. A Rule 11 motion must be a separate application to the court and may not consist of a request for sanctions tacked on to another motion.